```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


VIRGINIA GIPSON, as mother and   )
next friend of THERREN JETT,     )
                                 )
     Plaintiff,                  )
                                 )
vs.                              ) CIVIL ACTION 05-00247-B
                                 )
GREYHOUND BUS LINES              )
                                 )
     Defendant.                  )
```

## REPORT AND RECOMMENDATION

This case, which is before the Court on Defendant's Motion to Transfer and supporting memorandum(Docs. 6 & 7), was referred to the undersigned pursuant to Standing Order No. 24. Based upon a careful review of Defendant's Motion, supporting memoranda, and Plaintiff's memoranda in opposition, it is the recommendation of the undersigned that Defendant's Motion to Transfer (Doc. 6) be **GRANTED**, and this case be transferred to the United States District Court for the Western District of Tennessee, Eastern Division.

I.   Procedural History

Plaintiff Virginia Gipson, as mother and next friend of Therren Jett, filed suit in the Southern District of Alabama against Defendant Greyhound Bus Lines and Trans USA Corporation on May 3, 2005 (Doc. 1). Defendant Greyhound Bus Lines, on June

1

2, 2005, filed the instant motion to transfer this case to the United States District Court for the Western District of Tennessee, Eastern Division, pursuant to 28 U.S.C. § 1404(a).(Doc. 6). Subsequent thereto, Plaintiff voluntarily dismissed Trans USA Corporation, and filed a response in opposition to Defendant's motion.[1]

## II.    Factual Background

This action arises out of personal injuries suffered by Therren Jett ("Jett"), a minor. Plaintiff Virginia Gipson brought suit as mother and next friend on behalf of Jett. At the time this suit was filed, Plaintiff and Jett were residents of Dallas County, Alabama; however, on September 19, 2005, Plaintiff filed a Supplement wherein it was indicated that Jett no longer resides in Selma, Alabama. According to Plaintiff's Supplement, Jett now resides in Cincinnati, Ohio. (Doc. 18). Defendant Greyhound Bus Lines ("Greyhound") is a foreign corporation whose principal place of business is Texas (Doc. 1). Federal jurisdiction is proper in this case based upon complete diversity of citizenship and an amount in controversy in excess of $75,000.00  See 28 U.S.C. § 1322.

---

[1] Plaintiff has also filed two Motions to Strike Defendant's Reply (Docs. 14 and 17). As the undersigned has considered all of the pleadings filed by both sides in connection with the motion to transfer, including Plaintiff's Supplement (Doc. 18), which was filed without leave of Court, the undersigned declines to strike any of the pleadings. Accordingly, Plaintiff's Motions to Strike are **DENIED**.

2

On August 6, 2004, Jett was a passenger on a Greyhound bus that was traveling on U.S. Interstate 40 West, near Jackson, Tennessee. In the early morning hours, the Greyhound bus collided with a Trans USA truck near Jackson, Tennessee (Doc. 1). Jett, as well as other passengers on the Greyhound, sustained injuries. The driver of the bus was killed (Doc. 7). Since the accident, Jett has received medical treatment from various doctors and therapists.(Doc. 12).

### III.     Standard of Review on Motion to Transfer

The federal change of venue statute provides that a court may transfer a case, in the interest of justice or for the convenience of the parties or witnesses, to another district in which it might have originally been brought. 28 U.S.C. § 1404(a).[2] The party moving for a transfer of venue under Section 1404(a) bears the burden of justifying the transfer. Holmes v.

---

[2] The present case could have properly been filed in the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1332, which provides, in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different states." 28 U.S.C. § 1332(a)(1). Because the parties to this action are citizens of different states, Plaintiff alleges in excess of $75,000 in damages, and the alleged tort occurred in the Western District of Tennessee, the district court in Tennessee has concurrent original jurisdiction with the United States District Court for the Southern District of Alabama over this matter (Doc. 1). Because neither party disputes that Tennessee would have jurisdiction over Defendant, the Court declines to address the basis for personal jurisdiction.

Freightliner, 237 F. Supp. 2d 690, 693 (M.D. Ala., 2002). The question of whether to transfer a case to another district is a matter within the discretion of the court. Holmes, 237 F. Supp. 2d at 692. Every motion to transfer requires the court to make an individualized, case-by-case analysis based upon the principles of fairness and convenience to the parties. Holmes, supra at 692.

**IV.  Legal Analysis**

The central question to consider in analyzing a motion to transfer is whether the considerations of fairness and convenience support a transfer to another district. The factors that a court must consider in weighing a motion to transfer are:

1) the plaintiff's choice of forum;

2) the relative ease of access to sources of proof;

3) the availability of compulsory process for attendance of unwilling witnesses and cost of attendance of willing witnesses;

4) the possibility of viewing the premises, if appropriate;

5) all other practical problems that make trial of a case easy, expeditious and inexpensive; and

6) factors of public interest, including the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

Gulf Oil Corp. V Gilbert, 330 U.S. 501, 508-509 (1947).

In the case at hand, Defendant argues that Tennessee is a more convenient forum because the accident in question happened there, the key witnesses are located there, and all of the pertinent documents are maintained in that district. Defendant also points to the parties' inability to subpoena unwilling Tennessee witnesses to attend trial in Alabama (Doc. 7). Jett, through Plaintiff, asserts that his choice of forum should be given great deference. In his initial filing, Jett asserted that he was planning to attend college in Selma, Alabama, and that his educational needs would be greatly disrupted if he was required to attend hearings or other proceedings in Tennessee. Jett also asserted that his treating physicians and family members, who are expected to testify on his behalf, are located in Selma, and would be inconvenienced by having to travel to Tennessee. As noted supra, Jett has subsequently notified the Court that he has relocated to Cincinnati, Ohio.

## A.  Plaintiff's Choice of Forum

A plaintiff's choice of forum is typically accorded great deference. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). However, this deference to plaintiff's choice of forum may be limited under certain circumstances. "[A] plaintiff's choice of forum receives deference..., but it is not

5

always controlling; otherwise Section 1404(a) would be meaningless....This is particularly true where none of the conduct complained of occurred in the plaintiff's selected forum." Bartolacci v. Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints, 476 F. Supp. 381, 383 (E.D. Pa. 1979).  Here, the bus accident which forms the basis of the present suit occurred in Tennessee, not Alabama.  Therefore, Plaintiff's choice of forum is a factor to consider, but the weight accorded to it should be limited to a degree.

**B.    Ease of Access to Sources of Proof**

The ease of access to sources of proof in this case weighs in favor of Tennessee.  All documents related to the accident, including any resulting investigation and emergency medical treatment, are located in Tennessee.  The accident report is also located in Tennessee, as are the photographs of the scene and documents used to compile the accident report, and generated in connection with the investigation of the accident. Additionally, any reports prepared by the coroner would also be located in the Tennessee district, as well as all the medical reports and records generated in connection with the treatment of injured passengers at the scene and at nearby hospitals located in the Tennessee district.  Though some of the information can perhaps can be shared via technology, such as email or computer disk files, the

6

logistics still favor Tennessee as to the relative ease of obtaining possession of all the necessary materials.

**C.     Convenience of Witnesses**

The next factor, and often considered to weigh more heavily in favor of transfer, is the convenience of the witnesses. In Ramsey v. Fox News Network, LLC, the District Court stated:

> The convenience of the witnesses is of great importance to the decision to transfer venue from one forum to another, and the focus of the Court should be on the convenience of "key witnesses." McNair v. Monsanto Co., 279 F.Supp. 2d 1290, 1311 (M.D.Ga. 2003). Additionally, there is a distinction between party witnesses and non-party witnesses. Party witnesses are the parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses. Gandle Lining Const. Corp. v. Fireman's Fund Ins. Co., 844 F.Supp. 1163, 1166 (S.D.Tex. 1994). Given the fact that, when possible, live testimony is preferred over other means of presenting evidence, the convenience of the non-party witnesses weighs most heavily on the Court in deciding on a motion to transfer. State Street Capital Corp. v. Dente, 855 F.Supp. 192, 197 (S.D.Tex. 1994).

Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D.Ga. 2004).

The majority of witnesses that will be needed at trial are non-party witnesses. For example, all the witnesses that responded to the scene of the accident are located in Tennessee. This includes not only emergency personnel, such as Tennessee state troopers and local police and fire departments, but also the wrecker service that towed the vehicle to its place of business

7

in Tennessee.  In addition, the medical personnel who treated the injured passengers, including emergency and hospital personnel, are located within the Western District of Tennessee.  The coroner who performed the autopsy on the deceased driver of the bus is likewise located in Tennessee.

As Jett has relocated to Cincinnati, it is clear that Tennessee is as convenient a forum for him as is Selma since he will now have to travel to attend court proceedings regardless of whether the case remains in Selma, or is transferred to Tennessee. Jett also asserts that his various medical doctors and therapists are located in the Alabama district, and that their testimony is crucial to his case.  He further states that family members located in Selma are expected to offer testimony regarding the "mental anguish and physical disabilities" that he has suffered (Doc. 12).  However, these witnesses are not material with respect to providing information relating to events surrounding the underlying bus accident.  Instead, they will present evidence regarding the extent and type of damages Jett has allegedly suffered as a result of the accident.  As such, whenever considering a motion to transfer, the court must accord liability witnesses more weight than witnesses testifying as to the amount of damages sustained by a plaintiff.  <u>Ramsey</u>, 323 F. Supp. 2d at 1356-57.  Therefore, the availability of Jett's Alabama witnesses

8

to attend trial in Tennessee is not given the same weight as that of the key witnesses that can testify to the events surrounding the underlying bus accident.

Furthermore, under the Federal Rules of Civil Procedure Rule 45(c)(3)(A)(ii), neither Jett nor Defendant Greyhound can subpoena any witness located in Tennessee to testify on their behalf if the distance is "greater than 100 miles from the place where that person resides, is employed or regularly transacts business in person...."  As the distance from Selma, Alabama to Jackson, Tennessee is greater than 100 miles, this rule clearly applies to the case at hand (Doc. 12).[3]  Therefore, no witness can be compelled to testify at trial in the Southern District of Alabama.  On the other hand, while Jett cannot compel his witnesses to testify in a trial in Tennessee, it seems to reason that Jett would have an easier time convincing his own witnesses to travel to a trial in Tennessee, than convincing disinterested material witnesses, who reside in Tennessee, to travel to Selma, Alabama for trial. Ramsey v. Fox News Network, LLC, *supra*, at 1356. Furthermore, if this case is transferred to Tennessee, both Jett and Defendant Greyhound would have the ability to subpoena all witnesses located in Tennessee to testify at the trial of this

---

[3] According to RandMcNally.com, the approximate distance between Selma, Alabama and Jackson, Tennessee is 374 miles, with an approximate driving time of 7 hours, 20 minutes.

9

case.  It can hardly be disputed that the vast number of material key witnesses in this case are located outside of this forum, included Jett himself.  Nearly all of the witnesses with direct knowledge of the events surrounding the underlying accident are located in Tennessee.  Therefore, the factor of convenience of the witnesses weighs in favor of the Tennessee forum.

**D.   Preventing Duplication of Effort and Incompatible Rulings**

As noted supra, the bus that was involved in the underlying accident had thirty-six passengers aboard, as well as a driver. At the time this complaint was filed, there were three related lawsuits pending against Defendant Greyhound Bus Lines arising out of the accident.  One of the lawsuits was originally filed in the Western District of Tennessee, Eastern Division, while two others were transferred to the Western District of Tennessee, Eastern Division from the Eastern District of Michigan (Doc. 7). Currently, there are five cases pending in the Western District of Tennessee, Eastern Division arising from the subject accident. (Doc. 16).  Plus, there is a sixth substantially similar case pending in the Memphis Division that is the subject of a motion to transfer. (Doc. 19).  Although there is no indication in the record that these cases will be consolidated, it is "nonetheless expedient to allow a court that is already familiar with [Defendant's] essential argument to adjudicate the case as well."

10

Nutrition & Fitness, Inc. v. BlueStuff, Inc., 264 F. Supp. 2d 357 (D.C. N.C. 2003). "To permit parallel, duplicative litigation in this district would serve no purpose except waste of time, finances, and energy of all involved. Furthermore, the presence of competing lawsuits gives rise to the risk of conflicting results." Barnett, et al. v. State of Alabama, et al., 171 F. Supp. 2d 1292, 1295 (S.D. Ala. 2001).

As to whether judicial economy would be served by having these similar actions proceed in the same district, the question must be answered in the affirmative. Even if consolidation does not occur, the fact that there are pending cases in the Western District of Tennessee, Eastern Division, involving the same defendant, many of the same key witnesses, the same core allegations and significant overlap in factual and legal issues compels, compels the undersigned to find that these closely related cases should proceed in the same court.

**E.   Possibility of Viewing Premises**

Although Defendant states that the possibility of viewing the premises weighs in its favor, the undersigned finds that this factor does not weigh heavily as a factor. To place too much emphasis on the idea that an on-site inspection may occur is too speculative. Defendant does not allege that such a viewing will be necessary. Jett states that it is "highly doubtful that a view

11

of the scene or use of the immediate location would be required..." during trial (Doc. 12).  Therefore, the opinion of the undersigned is that this factor weighs in favor of the Tennessee forum, but is not to be given undue deference.

**F.   Other Factors**

Jett contends that the court docket in the Southern District of Alabama concludes cases at an average of four months faster than the Western District of Tennessee (Doc. 12)[4].  The undersigned finds that assuming arguendo that Jett is correct, the difference is not such a large amount of time such that justice would be impeded if the case proceeded in Tennessee.  While calendar congestion may be accorded some weight in analyzing a motion to transfer, it is not, by itself, a dispositive factor. P&S Business Machines, Inc. V. Canon USA, Inc. 331 F.3d 804, 808 (11th Cir. 2003).  Accordingly, even if the calendar congestion factor weighs slightly in favor of the Southern District of Alabama, it does not weigh so heavily as to change the balance of

---

[4]Jett has also asserted that the convenience of counsel should be considered. (Doc. 12).  According to Jett, all of the attorneys involved in this action are located in Alabama, and none of the attorneys employed as his counsel are licensed to practice in Tennessee.  This factor is not accorded considerable weight. See Brown v. Potter, 2005 U.S. Dist. LEXIS 19193 (N.D. Ga., June 27, 2005)(where the only nexus to selected forum was the location of the plaintiff's attorneys, the interests of justice compelled transfer for the convenience of parties and their witnesses.)

factors favoring transfer.

**V.     Conclusion**

For the reasons set forth above, the undersigned finds that the convenience to witnesses, locality of evidence, and the need to have related cases proceed in the same court all weigh strongly in favor of transfer, and that the interests of justice will be served by transferring this case.  Therefore, it is the recommendation of the undersigned that Defendant's Motion To Transfer be **GRANTED** and that this action be **TRANSFERRED** to the United States District Court for Western District of Tennessee, Eastern Division, in accordance with 28 U.S.C. § 1404(a).

**DONE** this the **11th day** of **October, 2005**.

　　　　　　　　　　　　　　　　　　/S/ SONJA F. BIVINS
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**